**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michele Gray, | No. CV-21-01334-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| GC Service, | |
| Defendant. | |

Defendant GC Services, LP ("GCS") has filed a motion to dismiss pro se Plaintiff Michele Gray's complaint or to compel arbitration. Doc. 12. On October 13, 2021, the Court ordered Plaintiff to respond to the motion by October 29 (Doc. 16), but she failed to do so. Although Plaintiff did not respond, Defendant filed a reply brief responding to arguments Plaintiff made in her pending motion which could be construed as responsive to the motion to compel arbitration. Doc. 21. Defendant's request for oral argument is denied because oral argument will not aid the Court's decision. LRCiv 7.2(f).

Also pending are before the Court are Plaintiff's motions for alternative dispute resolution ("ADR") and for appointment of counsel. Docs. 14, 18, 22. Defendant responded to her first motion for ADR (Doc. 15), but Plaintiff filed no reply brief. Her second motion for ADR is fully briefed. Docs. 18, 19, 20. The Court will grant Defendant's motion to dismiss because Plaintiff's claims are barred by res judicata. All other pending motions will be denied as moot.

## I. Background.

Plaintiff's complaint asserts various federal and state claims arising out of her former employment with Defendant.[1] Plaintiff was hired by Defendant in Nevada as a home-based customer service representative in June 2019. Docs. 1 at 2, 12 at 2. Plaintiff alleges she was subject to harassment and discrimination that amounted to constructive termination, tortious interference, and breach of contract. Plaintiff was 53 at the time of her employment with Defendant and alleges that she was not given the same opportunities as younger co-workers. Doc. 1 at 6, 20. She alleges that she was excluded from team meetings, coaching, and training – which she characterizes as "mandatory" aspects of her job – and was not given technology support. *Id.* at 6-8. She alleges that her supervisor questioned how she got the job, management constantly "annoyed" her, and she was not allowed to dispute warnings she received for returning late from breaks or missing calls. *Id.* at 8, 16. Feeling that termination was impending, Plaintiff sent Defendant a letter of resignation on January 25, 2020, to be effective on February 3, 2020, but Defendant accepted it effective immediately. *Id.* at 2. About the time Plaintiff submitted her letter, Defendant alleges that it learned she had moved to New York and accepted her resignation with immediate effect because it does not employ individuals residing in New York. Doc. 12 at 2.

Plaintiff asserts claims under the Federal Tort Claims Act ("FTCA"), the Year 2000 Computer Date Change Act ("Y2K Act"), the Age Discrimination in Employment Act of 1967 ("ADEA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), and the Social Security Act ("SSA"). She also asserts state law claims for intentional infliction of emotional distress, tortious interference, breach of contract, and discrimination under the Arizona Civil Rights Act ("ACRA"), the New York Human Rights Act ("NYHRA"), and the Nevada Fair Employment Practices Act

---

[1] Although the caption of Plaintiff's complaint lists both Apple and GCS as defendants, Plaintiff is suing only GCS. Doc. 12-1 at 38 n.2. That is the only Defendant listed in her civil cover sheet and the only Defendant she has served. *See* Docs. 1-2, 3, 10. Plaintiff was employed by GCS, which provided call center management services to Apple. Doc. 12-1 at 38 n.2.

("NFEPA"). Plaintiff also cites Article 18, section 6 of the Arizona Constitution ("the Anti-Abrogation Clause").

This is the fourth suit Plaintiff has filed against Defendant. She first filed suit in the Northern District of New York ("the NY Federal Suit"). She asserted claims under the FTCA, Y2K Act, and Title VII. Doc. 12-1 at 20-22. On July 9, 2020, a Magistrate Judge recommended dismissal of Plaintiff's complaint for lack of subject matter jurisdiction and leave to file an amended complaint asserting claims only under Title VII. *Id.* at 52. Plaintiff's amended complaint contained claims under the FTCA, Title VII, ADEA, and for intentional infliction of emotional distress, tortious interference, and breach of contract. *Id.* at 95-105. On February 1, 2021, the court dismissed Plaintiff's complaint for failure to state a claim. *Id.* at 113-14. The court allowed Plaintiff 60 days to replead her ADEA claim and dismissed all other claims with prejudice. *Id.* Plaintiff did not replead her ADEA claim and it too was dismissed on May 4, 2021. *Id.* at 116.

Plaintiff filed a second suit in New York state court ("the NY State Suit") and a third in Arizona state court ("the AZ State Suit"), each asserting claims under the FTCA, Title VII, ADEA, Y2K Act, and for tortious interference, as well as claims under ACRA, NYHRL, and NFEPA. Doc. 12-1 at 128-36, 150-60. The AZ State Suit also cited the Anti-Abrogation Clause of the Arizona Constitution. Doc. 12-1 at 159-60. The AZ State Suit was dismissed with prejudice on August 4, 2021, for failure to state a claim and because the claims were barred by res judicata. Doc. 12-1 at 170. The NY State Suit was dismissed on August 18, 2021, on res judicata grounds because the claims had either been dismissed in the NY Federal Suit or arose from the same series of transactions and thus should have been asserted in the NY Federal Suit. *Id.* at 179. Plaintiff filed this suit on August 2, 2021. Doc. 1.

**II.     Plaintiff's Claims Are Barred By Res Judicata.**

Defendant argues that Plaintiff's complaint is barred by res judicata because it complains of the same work conditions as her three previous suits. Doc. 12 at 10. Defendant notes that Plaintiff's claims under the FTCA, Title VII, ADEA, and for

intentional infliction of emotional distress, tortious interference, and breach of contract were dismissed with prejudice in the NY Federal Suit. *Id.* Defendant also argues that these claims, as well as Plaintiff's claims under the Y2K Act, ACRA, NYHRL, NFEPA, and the Anti-Abrogation Clause were dismissed in the AZ and NY State Suits. *Id.* While Plaintiff's SSA and ADA claims are new, Defendant argues that they are barred by res judicata because they arise from the same events as the other suits and could have been litigated in those suits. *Id.*

Defendant filed its motion on September 16, 2021. On October 13, 2021, the Court advised Plaintiff that "she must file a written response to Defendant's motions to compel arbitration and dismiss" by October 29, 2021, and warned her that "the Court may summarily grant the motions if Plaintiff fails" to do so. Doc. 16 at 3 (citing LRCiv 7.2(i)). Plaintiff filed no response to Defendant's motion. Plaintiff did file two motions seeking ADR other than arbitration (Docs. 14, 18), but neither addresses Defendant's res judicata argument.

"Res judicata bars relitigation of all grounds of recovery that were asserted, or could have been asserted, in a previous action between the parties, where the previous action was resolved on the merits." *United States ex rel. Barajas v. Northrup Corp.*, 147 F.3d 905, 909 (9th Cir. 1998). Res judicata applies "whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (citations omitted). Dismissal for failure to state a claim is a dismissal on the merits for res judicata purposes. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). Identity of claims exists when two suits "arise from the same transactional nucleus of facts." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001) (internal quotation marks and citation omitted).

Privity exists between Plaintiff and Defendant because they were parties in the NY Federal, NY State, and AZ State Suits. Final judgments on the merits were entered in each of these cases. An identity of claims exists because Plaintiff's claims under the FTCA,

Y2K Act, ADEA, Title VII, ACRA, NYHRA, NFEPA, the Anti-Abrogation Clause, and for intentional infliction of emotional distress, tortious interference, and breach of contract were dismissed in the NY Federal Suit and in the AZ State Suit. While Plaintiff has not previously brought claims under the ADA and SSA, they arise from the same transactional nucleus of facts. *Owens*, 244 F.3d at 714 (holding res judicata applied to bar previously unlitigated claims where they were "related to the same set of facts as the allegations in plaintiffs' [prior] complaint for wrongful discharge") (internal quotations omitted); *Feminist Women's Health Ctr. v. Codispoti*, 63 F.3d 863, 868 (9th Cir. 1995) (applying res judicata to bar previously unlitigated claims where plaintiff "had to produce substantially the same evidence in both suits to sustain its case"). Res judicata bars all Plaintiff's claims.

### III.     All Other Pending Motions Are Denied as Moot.

Because Plaintiff's complaint is barred by res judicata, Defendant's motion to compel arbitration and Plaintiff's motions for ADR will be denied as moot. Plaintiff's motion for appointment of counsel to assist her in ADR, and her reference to summary judgment, will also be denied as moot. The Court need not reach the issue of whether Plaintiff's complaint states a claim for relief.

**IT IS ORDERED:**

1. Defendant's motion to dismiss (Doc. 12) is **granted**. The case is dismissed with prejudice.

2. Defendant's motion to compel arbitration (Doc. 12) is **denied as moot**.

3. Plaintiff's motion for ADR (Doc. 14) is **denied as moot**.

4. Plaintiff's second motion for ADR (Doc. 18) is **denied as moot**.

5. Plaintiff's motion to obtain counsel and/or appoint counsel (Doc. 22) is **denied as moot**.

6. Plaintiff's motion for partial summary judgment pursuant to Rule 56 (Doc. 22) is **denied as moot**.

/ / /

/ / /

1 | 7. The Clerk shall terminate this action.

Dated this 12th day of January, 2022.

*David G. Campbell*
David G. Campbell
Senior United States District Judge