**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michele Gray,<br><br>  Plaintiff,<br><br>v.<br><br>GC Service and Apple,<br><br>  Defendants. | No. CV-21-01334-PHX-DGC<br><br>**ORDER** |

Plaintiff Michele Gray appeals to the Ninth Circuit Court of Appeals the Court's dismissal of her action with prejudice (Doc. 23) and reprises her requests for alternative dispute resolution ("ADR"). Doc. 25. The Ninth Circuit referred the matter to the Court "for the limited purpose of determining whether in forma pauperis [("IFP")] status should continue for this appeal or whether the appeal is frivolous or taken in bad faith." Doc. 29.

"An appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). A "good faith" appeal must seek review of at least one "non-frivolous" issue or claim. *Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). The term "frivolous," as used in § 1915, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

As detailed in the Court's order dated January 12, 2022, Plaintiff has filed four lawsuits complaining of employment discrimination by Defendant – one each in the

Northern District of New York, New York state court, Arizona state court, and this Court. Doc. 23 at 3. Each suit arose out of the same events and alleged nearly identical claims. *Id.* All but two of the claims Plaintiff sought to litigate before the Court had already been dismissed with prejudice – for either failure to state a claim or res judicata – and the two "new" claims arose out of the same transactional nucleus of facts. *Id.* at 4-5. The Court therefore dismissed Plaintiff's claims with prejudice under the doctrine of res judicata. *Id.* at 5. The Court also dismissed as moot all other pending motions, which included two motions filed by Plaintiff seeking ADR. *Id.*

Res judicata has long been applied by the federal courts. *See Cromwell v. Sac County*, 94 U.S. 351, 352 (1876). The doctrine applies to "bar[] relitigation of all grounds of recovery that were asserted, or could have been asserted, in a previous action between the parties, where the previous action was resolved on the merits." *United States ex rel. Barajas v. Northrup Corp.*, 147 F.3d 905, 909 (9th Cir. 1998). Plaintiff's appeal merely states that her claims have not been heard on the merits, but Ninth Circuit law provides that dismissal for failure to state a claim *is* a dismissal on the merits for res judicata purposes. *See Stewart v. U.S. Bancorp*, 297 F.3d 1067, 1077 (9th Cir. 2002).

Based on the record before it, the Court finds and certifies that any appeal taken from its January 12, 2022 order dismissing Plaintiff's action (Doc. 23) is frivolous.

**IT IS ORDERED** that Plaintiff's IFP status is **revoked**.

Dated this 16th day of March, 2022.

David G. Campbell
Senior United States District Judge